577 A.2d 1298

CARMINE AMICO, PLAINTIFF–APPELLANT, v. NEW JERSEY
ARMY NATIONAL GUARD, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 29, 1990—Decided July 18, 1990.

Before Judges J.H. COLEMAN and BRODY.

*John H. Harte, III,* argued the cause for appellant (*Archer & Greiner,* attorneys; *John H. Harte, III,* on the letter brief).

*William W. Hart, Jr.,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General, attorney; *Harry Haushalter,* Deputy Attorney General, of counsel; *William W. Hart, Jr.,* on the brief).

The opinion of the court was delivered by

BRODY, J.A.D.

The primary relief plaintiff sought in this Chancery Division suit was reinstatement in the New Jersey Army National Guard at his former rank. The Guard is a component of the New Jersey Department of Military and Veterans' Affairs, whose head is the Adjutant General. *N.J.S.A.* 38A:3–2; *N.J.S.A.* 38A:3–3. Members of the Guard are also members of the United States Army Reserve pursuant to 32 *U.S.C.A.* § 301; ¶ 1–3a, National Guard Regulation (NGR) 600–200.

By the terms of the Adjutant General's final order, plaintiff was reduced in rank, discharged honorably and transferred to the Individual Retired list because he refused to join his unit

for its annual two-week active training at Fort Drum, New York. Plaintiff's reserve commander, Captain David Mull, denied his request to be excused from training to care for his ailing mother. He concluded that plaintiff could not be spared during active training because he was a supply sergeant. The captain offered to excuse plaintiff's brother, a member of the same unit, to take care of their mother.

The trial judge dismissed the complaint on the ground that federal courts have exclusive jurisdiction to hear the matter. Meanwhile, the Guard has restored plaintiff to his former rank but not to active membership. As a result, he has had to give up his federal employment as a full-time civilian technician. 32 *U.S.C.A.* § 709(e)(1).

The facts are not in dispute and plaintiff does not now challenge the merits of the action taken against him. He contends, however, that he was denied due process by the manner in which he was discharged. Although his argument is not sharply focused, he claims that he was entitled to, but denied, free military counsel and a hearing. He does not cite authority to support either claim. We note that he was given a full opportunity to state his case in writing to Colonel Stephen Patrick, who upheld Captain Mull's determination.

We are satisfied that despite the federal role in the Guard, New Jersey has sufficient interest in this matter to enable our State courts to exercise jurisdiction. *See Phillips v. State, Dept. of Defense,* 98 *N.J.* 235, 247, 486 *A.*2d 318 (1985) ("... [N]ational guardsmen engaged in training, though entitled to these [federal] benefits, remain employees of the State."). *See also Gross v. New Jersey Army National Guard,* 118 *N.J.Super.* 150, 155–156, 286 *A.*2d 736 (Law Div. 1972) (New Jersey court has jurisdiction to entertain *habeas corpus* application of person seeking discharge from National Guard). However, because the appeal is being taken from action of the head of the New Jersey Department of Military

and Veterans' Affairs, a State executive department, the appeal lies in this court, not in the trial court. *R.* 2:2–3(a)(2).

We will treat the matter before us as an original appeal from the Adjutant General's order. The appeal must be dismissed, however, because plaintiff failed to exhaust his administrative remedies.

Par. 8–24, NGR 600–200, provides in relevant part:

Soldiers discharged from the Reserve of the Army, who have been discharged administratively in accordance with Military Department regulations, or by sentence of a courts-martial, may appeal after all other means have been exhausted, to the Army Board for Correction of Military Records (ABCMR). This board evaluates the reason for discharge, the procedures followed in accomplishing discharge, and the characterization of service.

Review of the action of an administrative agency ordinarily may not be maintained before exhaustion of administrative remedies. *R.* 2:2–3(a)(2).

Given their general reluctance to review actions taken by the military, courts have been strict in requiring prior recourse to the ABCMR. For instance, exhaustion was the basis for dismissing the appeal in *Hodges v. Callaway,* 499 *F.*2d 417 (5 Cir.1974), where a member of the United States Army challenged his discharge on the ground that the Army had denied him a hearing. The court held:

The gravamen of the complaint is that the Army did not follow the proper regulations in processing his discharge; whether this is viewed as a legal or a factual question, the Army ought to be the primary authority for the interpretation of its own regulations. A decision by the ABCMR that the Army should have followed AR 635–212 might completely obviate the need for judicial review. If, on the other hand, the ABCMR concludes that AR 635–212 is inapplicable to the facts of this case and Hodges then seeks judicial review, the court will at least have a definitive interpretation of the regulation and an explication of the relevant facts from the highest administrative body in the Army's own appellate system. [*Id.* at 422]

We subscribe to that holding. The reasons expressed by the Fifth Circuit for dismissing the appeal apply equally to this case.

The appeal is dismissed.